[Crim. No. 6711. Fourth Dist., Div. One. Apr. 9, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL FLORES GLORIA, Defendant and Appellant.

2

**COUNSEL**

Paul Bell and L. Kevin Mineo, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Susan Cook, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

THE COURT*—Paul Flores Gloria appeals a judgment, after a jury trial, convicting him of possessing a controlled substance (Health & Saf. Code, § 11350). Gloria was found to be a narcotics addict and was committed to the California Rehabilitation Center (Welf. & Inst. Code, § 3051).

On September 14, 1973 Brawley Police Officer Larry Bennett, while patrolling an area of the city known for its high rate of narcotics traffic, saw Gloria drop a round package and continue away from the police car. Bennett stopped Gloria and gave him a cursory search for weapons. A parole officer accompanying Bennett testified he did not see Gloria drop the package. Officer Lara arrived just as Bennett was searching Gloria; he picked up the discarded package and handed it to Bennett. Upon finding heroin in the package, Bennett arrested him for possessing narcotics for sale. Only Officer Bennett actually saw Gloria drop the package. Since no witnesses were called by defense counsel, this testimony is uncontradicted.

Defense counsel sought to cross-examine Bennett as to his employment at the time of trial. Apparently, although this is not clear from the record, Officer Bennett left the police department sometime after Gloria's arrest but before trial. After an off-the-record discussion in chambers, the trial judge sustained the prosecutor's apparent objection on the ground such a line of questioning would be immaterial. Gloria now contends this ruling unduly restricted cross-examination. He argues the questioning *might* have established bias, impugned Officer Bennett's credibility thus constituting his *key* defense since Bennett was the only person to see him drop the heroin.

■ A trial court should allow latitude in the scope of cross-examination, but a witness cannot be cross-examined as to irrelevant or immaterial matters. (*People* v. *Singer,* 217 Cal.App.2d 743, 760 [32

---

*Before Brown (Gerald), P. J., Cologne, J., and Whelan, J.†

†Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Cal.Rptr. 701]; *People* v. *Biehler,* 215 Cal.App.2d 400, 404 [30 Cal.Rptr. 199]; *People* v. *Grayson,* 172 Cal.App.2d 372, 375-377 [341 P.2d 820].) ■ Gloria has offered only speculation as to why defense counsel sought to question Bennett about his employment following the arrest. The record does not reveal any offer of proof, or other indicia which sheds light on the purpose of the questioning nor is any offer made on this appeal. We assume this took place during the off-the-record discussion, a matter which we cannot review. (See *People* v. *Merriam,* 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161].) Gloria has failed to bear his burden of establishing, from the record, an abuse of discretion by the trial court.

■ Gloria contends the court erred by giving CALJIC No. 2.06 in instructing the jury. Since we were furnished a normal record under rule 33, a copy of CALJIC No. 2.06 appears in the clerk's transcript. That copy had not been modified by any strikeouts and reads: "Evidence that a defendant attempted to suppress evidence against himself in any manner, such as (by the intimidation of a witness) (by an offer to compensate a witness) (by destroying evidence) may be considered by you as a circumstance tending to show a consciousness of guilt. However, such evidence is not sufficient in itself to prove guilt and its weight and significance, if any, are matters for your consideration."

There was no evidence Gloria intimidated or bribed any witness nor did he destroy any evidence when he attempted to discard the heroin. Confident that the court would not have given the instruction without tailoring it to the evidence, we ordered the reporter to furnish us with a reporter's transcript of the instructions as given.

■ The court reporter has responded to our order by typing an exact copy of what appears in the clerk's transcript, complete to the parenthesis symbols. Had the judge read the parentheses into the record, we would expect the reporter to transcribe them in word form. If, as we suspect, the reporter copied the instructions from the forms submitted to the court, then the question arises as to whether Gloria was entitled to have the court reporter take the instructions down as they were orally delivered to the jury for later transcription into his appellate record. Despite some uncertainty in the law, we conclude he did.

Penal Code section 1127 provides in pertinent part: "All instructions given shall be in writing, unless there is a phonographic reporter present and he takes them down, in which case they may be given orally . . . ."

■ Some uncertainty attaches to the classification of an instruction which is submitted to the court in writing and is orally read to the jury. Penal Code section 1128 contemplates the instructions are to be delivered orally because it starts: "After *hearing* the charge, the jury may either decide in court or may retire for deliberation." (Italics added.)

California Rules of Court, rule 33 provides a normal record on appeal in a criminal case shall include in the clerk's transcript the written instructions given or refused (i.e. copies of the writings). The reporter's transcript of a normal record must include "jury instructions given which cannot be copied by the clerk." No provision is made for requesting a phonographic reporter's transcription of the written instructions as read to the jury to be included in the reporter's transcript as additional record under rule 33.

We conclude an instruction submitted in writing which is orally read to the jury remains an instruction in writing within the meaning of Penal Code section 1127 and rule 33.

■ The question remains, however, whether the court reporter, under the provisions of section 1127 and rule 33, is required to make a record of the written instructions as they are read to the jury.

Should a trial judge misread an instruction, misspeak himself or extemporaneously elaborate upon the written instructions, those utterances would be "oral instructions" which, under rule 33, could not be copied by the clerk and thus should be included in the normal reporter's transcript. We recognize the impossibility of a reporter anticipating when a judge, through inadvertence or intentionally, may depart from his written instructions. It is for this reason we hold it is the duty of a court reporter in a superior court criminal jury trial to make phonographic notes of what the judge says when he instructs the jury so an accurate transcript of the instructions as presented to the jury will be preserved for any appeal.

This does not mean the normal reporter's transcript in all criminal jury trials must include the instructions as given. It would only be in those cases where the appellant contends the written instructions copied by the clerk deviate from the instructions orally delivered to the jury that the appellant, either by objections to the transcripts below (Cal. Rules of Court, rule 35(c)) or by motion to augment the record on appeal (Cal. Rules of Court, rule 12), may seek a transcript of the instructions as orally presented to the jury.

In this case, if the judge orally instructed the jury in the language appearing in the clerk's and reporter's transcripts, the jury may well have been led into speculation Gloria tampered with witnesses and the evidence. Implicit in the giving of instructions is the notion factual questions to which the instructions relate are presented to the jury for determination. Yet no evidence in the record supports the giving of the instruction as it appears before us. The erroneous giving of the factually unsupported instruction is not cured by giving a later instruction that the jury will disregard any instruction which applies to a state of facts which it determines does not exist. This latter instruction but highlights the implication the jury must make a factual determination concerning the bribery or intimidation of witnesses and the destruction of evidence. At the least the instruction is confusing. At worst it suggests serious wrongdoing on the part of Gloria.

On the other hand, if the court did not read the factually inapplicable portions of the instruction to the jury, Gloria has been denied his due process right to an accurate record on appeal. This would result from the failure of the court to follow the mandate of Penal Code section 1127 that it show by endorsement what part of the charge was given and what part refused. It also would result from the failure of the court reporter to record the instructions in the words they were given.

Gloria was prejudiced either by the giving of a factually unsupported instruction which suggested wrongdoing or by the failure of the trial court to provide an accurate record on appeal.

Judgment reversed.

A petition for a rehearing was denied May 5, 1975.