[Crim. No. 20064. Jan. 16, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO SILVA, Defendant and Appellant.

**COUNSEL**

Paul Halvonik, State Public Defender, Charles M. Sevilla, Chief Assistant State Public Defender, Aurelio Munoz and J. Courtney Shevelson, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Owen Lee Kwong, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BIRD, C. J.**—This case involves the denial by the Court of Appeal of a request by appellant, Francisco Silva, to augment the record on appeal to

include reporter's transcripts of the oral instructions to the jury and the closing arguments of prosecutor and defense counsel. This court holds that appellant's motion to augment should have been granted.

## I.

Appellant filed a notice of appeal following his conviction by a superior court jury for second degree burglary (Pen. Code, §§ 459, 460). Counsel was appointed by the Court of Appeal to represent him. Pursuant to California Rules of Court, rule 12(a),[1] appellate counsel moved to augment the record on appeal to include reporter's transcripts of the trial court's oral instructions to the jury and the closing arguments of both counsel. ■■■ Inclusion of the oral instructions was necessary, appellate counsel contended, to determine whether the trial court had deviated from or commented upon the written instructions. Counsel stated that the court had given the jury some preliminary oral instructions before any evidence had been received and that the reporter's transcript of these instructions indicated "discrepancies" with the written instructions. Appellate counsel urged that the court's final instructions may have "deviated once again from the written instructions."

■■■ Next, appellate counsel contended that a transcript of the closing arguments was necessary (1) to determine whether the prosecutor committed misconduct in his arguments to the jury, and (2) to ascertain whether either trial attorney made "improper comment on the instructions or erroneous discussions of the law." Appellate counsel further stated he had "reservations with respect to the performance of [appellant's] trial [attorney]," because the trial attorney had agreed that certain jury instructions did not have to be stenographically recorded.

Although the Attorney General filed no opposition, the Court of Appeal denied the motion to augment. In its subsequent written opinion affirming appellant's conviction, the appellate court held that he had failed to make "a factual showing underlying both the motion to augment and the arguments predicated upon its denial." This court

---

[1]California Rules of Court, rule 12(a), provides: "On suggestion of any party or on its own motion, the reviewing court, on such terms as it deems proper, may order that the original or a copy of a paper or record on file or lodged with the superior court be transmitted to it, or that portions of the oral proceedings be transcribed, certified and transmitted to it, or that an agreed or settled statement of portions of the oral proceedings be prepared and transmitted to it; and when so transmitted they shall be deemed a part of the record on appeal."

All references in this opinion to rules are to the California Rules of Court.

granted appellant's petition for hearing and transferred the cause to this court.

## II.

When an appeal is taken by a defendant from a judgment of conviction in the superior court, the "normal" record includes, in addition to a clerk's transcript, a reporter's transcript which contains the "oral proceedings taken on the trial of the cause, including jury instructions given which cannot be copied by the clerk"; "proceedings at the time of sentencing or granting of probation"; and "oral proceedings on the hearing of the motion for a new trial, and on the entry of any plea of guilty or nolo contendere." (Rule 33(a)(2).)[2] The reporter's transcript prepared pursuant to this rule "shall normally exclude proceedings on the voir dire examination of jurors, opening statements, and arguments to the jury." (*Ibid.*)

Rule 12(a) outlines the procedures to be followed if a party desires to augment the record at the appellate level to include matters outside the "normal" record. "On suggestion of any party or on its own motion, the reviewing court, on such terms as it deems proper, may order that . . . portions of the oral proceedings be transcribed, certified and transmitted to it . . . and when so transmitted they shall be deemed a part of the record on appeal." (Rule 12(a).) In *People* v. *Hill* (1967) 67 Cal.2d 105, 124 [60 Cal.Rptr. 234, 429 P.2d 586], this court held that a party meets the burden of rule 12(a) by establishing "with some certainty how [the requested transcripts] may be useful to him on appeal." Appellant

[2]Rule 33(a) provides:

"(a) [Normal record] If the appeal is taken by the defendant from a judgment of conviction, or if the appeal is taken by the People from an order granting a motion for a new trial, the record on appeal, except as hereinafter stated, shall include the following (which shall constitute the normal record):

"(1) A clerk's transcript, containing copies of (a) the notice of appeal, any certificate of probable cause executed and filed by the court, and any request for additional record and any order made pursuant thereto; (b) the indictment, information or accusation; (c) any demurrer; (d) any motion for a new trial; (e) all minutes of the court relating to the action; (f) the verdict; (g) the judgment or order appealed from; (h) written instructions given or refused indicating on each instruction the party requesting it.

"(2) A reporter's transcript of (a) the oral proceedings taken on the trial of the cause, including jury instructions given which cannot be copied by the clerk, and proceedings at the time of sentencing or granting of probation; and (b) oral proceedings on the hearing of the motion for a new trial, and on the entry of any plea of guilty or nolo contendere; the transcript shall normally exclude proceedings on the voir dire examination of jurors, opening statements, and arguments to the jury.

"(3) To be transmitted as originals upon request by the reviewing court as provided in rule 10: any exhibit admitted in evidence or rejected."

contends that he satisfied this burden by the showing made below.[3] His contention has merit.

In delivering jury instructions, a trial court may "misread an instruction, misspeak himself or extemporaneously elaborate upon the written instructions." (*People* v. *Gloria* (1975) 47 Cal.App.3d 1, 6 [120 Cal.Rptr. 534].) If erroneous, these deviations may constitute reversible error either by themselves or in combination with other trial errors. In either event, these are issues which appellant may properly raise on appeal. Since the reporter's transcript will reveal whether any erroneous deviations occurred during the delivery of the instructions in appellant's trial, appellant has met his burden of showing "*how* [the transcripts] *may* be useful to him on appeal."[4] (*People* v. *Hill, supra,* 67 Cal.2d at p. 124, italics added.)

Similarly, closing arguments of both trial counsel may be useful to appellant to support the theories he articulates for reversal—prosecutorial misconduct and inadequate assistance of counsel at trial. Therefore, the record should be augmented to include the transcripts of the arguments. (See *People* v. *Gaston, supra, ante,* p. 476.)

The record on appeal is ordered augmented with reporter's transcripts of (1) the oral delivery of jury instructions and (2) the closing arguments of both trial counsel. This cause is retransferred to the Court of Appeal for further briefing and consideration in light of this augmentation of the record.

Tobriner, J., Mosk, J., Manuel, J., and Newman, J., concurred.

[3] Appellant further contends that if augmentation is not granted pursuant to rule 12(a), he will be deprived of his constitutional rights to equal protection of the law, to due process, and to the effective assistance of counsel. In view of the disposition of this case, these arguments need not be addressed.

[4] The trial court gave instructions to the jury on three different occasions: in part, before the taking of any evidence; in part, before the closing arguments of both trial counsel; and in part, after the closing arguments. It appears that some portion of these instructions was not stenographically recorded. To the extent that this proves to be true, no transcription can be made, and therefore, the order for augmentation cannot be effectuated. In that event, the Court of Appeal on remand should consider appellant's contention that there was error in the procedure used in the trial court regarding the recording of instructions. However, a reviewing court should not normally resolve the underlying substantive issues in ruling on a motion to augment (*People* v. *Gaston, ante,* p. 476 [143 Cal.Rptr. 205, 573 P.2d 423]), and nothing in this opinion is to be construed as indicating this court's view on the merits of this claim of error.

**RICHARDSON, J.**—I respectfully dissent. As I have indicated in my concurring and dissenting opinion in the companion case of *People* v. *Gaston, ante,* at page 476 [143 Cal.Rptr. 205, 573 P.2d 423], I believe that the majority has today improperly reduced the showing required of an indigent defendant when requesting augmentation of the record on appeal. I believe that *People* v. *Hill* (1967) 67 Cal.2d 105 [60 Cal.Rptr. 234, 429 P.2d 586], and California Rules of Court, rule 12(a), fairly require that a defendant allege with some specificity what he expects to find in the record and why he believes the record will be helpful. In my concurring and dissenting opinion in *Gaston,* I have explained why the test fashioned by the court is improper. My basic concern is that, under the standard expressed by the majority, augmentation will be routinely granted whenever defendant makes an unsupported, speculative assertion that a particular error *might* have been committed at trial. The present case aptly illustrates this concern.

In the present case appellant moved to augment the record with a reporter's transcript of (1) the oral recitation of jury instructions, and (2) closing arguments of counsel. Appellant contends that he needs a transcript of closing arguments to determine whether the prosecutor may have committed misconduct or may have engaged in "improper comment on the instructions or erroneous discussions of the law." Appellant alleges no facts, however, general or particular, indicating that such prosecutorial misconduct did occur.

Appellant further contends that he needs a transcript of oral jury instructions to determine if there are "discrepancies" between those instructions given by the judge and those agreed to by the parties. In support of this assertion, appellant observes that there were such discrepancies between certain jury instructions orally delivered before trial and the corresponding written instructions. However, appellant does not contend that the discrepancies in the preliminary instructions were prejudicial or even substantial, and a review of the record indicates that they were not. These insignificant alterations in the wording of preliminary jury instructions do not in themselves constitute error and they are not reasonably probative of probable error in the final jury instructions.

It is manifest that appellant has not established a colorable need for a complete trial transcript. Appellant has offered no substantial reason to believe that a trial transcript is necessary. Appellant has failed to specify any facts or reasons which suggest that there is a substantial possibility that error occurred either during the reading of jury instructions or the

presentation of final argument. He has offered little more than mere speculation that error *might* have occurred.

I believe that if mere speculation is deemed sufficient to constitute an adequate showing for augmentation of the record, such augmentation will become virtually automatic, in violation of the clear intent of California Rules of Court, rule 12(a), and of our holding in *People* v. *Hill, supra.*

Clark, J., concurred.