Filed 6/11/14  P. v. Talibdeen CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NAASIR ALI TALIBDEEN,<br><br>    Defendant and Appellant. | B247960<br><br>(Los Angeles County<br>Super. Ct. No. TA122982) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Naasir Ali Talibdeen pled no contest to one count of first degree commercial burglary in violation of Penal Code[1] section 459 and admitted he had suffered a prior serious or violent felony conviction within the meaning of sections 667 and 1170.12. Pursuant to a plea agreement, two other burglary counts were dismissed, and appellant was sentenced to six years in state prison. The court awarded appellant 670 days of presentence custody credit.

Appellant appeals from the judgment of conviction. We affirm the judgment of conviction.


Facts and Procedural Background

Appellant was charged with three counts of second degree burglary of a commercial building, one committed on April 10, 2012 and the other two on April 20, 2012. The April 10 burglary was of a Baskin Robbins store. Edible Arrangements and Goodwill Industries were burglarized on April 20. In all three cases, the burglar threw a rock through a glass window or door, opened the business's cash register and took any money inside.[2] All three burglaries were captured by surveillance cameras.

Appellant represented himself in the trial court. He made numerous motions, including statutory and non-statutory motions to set aside the information, a motion to recuse Judge Cheroske, a motion to suppress evidence uncovered in a search of his residence and motions to exclude evidence. Appellant entered into a plea agreement on the date set for trial. He pled no contest to the count 1 burglary charge involving Edible Arrangements.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] There was no money in the Goodwill cash register.

2

## Discussion

Appellant obtained a certificate of probable cause pursuant to section 1237.5, and filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On December 6, 2013, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. Appellant filed a supplemental brief making three claims of error.

### 1. Recusal motion

Appellant contends that his motion to recuse or disqualify Judge Cheroske was improperly denied. "The determination of the question of disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate. . . ." (Code Civ. Proc § 170.3, subd. (d); see *People v. Webb* (1993) 6 Cal.4th 494, 522-523 [writ is exclusive means of challenge; issue may not be relitigated on appeal].)

A certificate of probable cause to appeal a judgment following a guilty plea cannot render reviewable a claim that is not otherwise cognizable on appeal. (*People v. Collins* (2004) 115 Cal.App.4th 137.) Appellant's claim is not cognizable on appeal.[3]

### 2. Warrantless arrest

Appellant contends he was arrested inside his home without a warrant and so the arrest was invalid under *People v. Ramey* (1976) 16 Cal.3d 263. The court found that even assuming appellant was arrested inside his residence, the deputies who came to the residence had a good faith belief that appellant was on parole, and so could make a legal entry into appellant's residence. Thus, an arrest warrant was not required.

---

[3]     To the extent appellant contends that Judge Cheroske made a statement after the denial of the recusal motion which also constituted judicial misconduct and provided an additional reason for recusal, we are unable to find this statement in the record.

The trial court was correct.  (See *People v. McCarter* (1981) 117 Cal.App.3d 894, 908 [since police had judicial authorization to enter suspect's home via a validly issued and executed search warrant, there was no *Ramey* violation as to suspect]; *People v. Evans* (1980) 108 Cal.App.3d 193, 196 ["[I]t is the intrusion into, rather than the arrest in, the dwelling which offends constitutional standards under *Ramey*."].)  The trial court was also correct in pointing out that even if appellant's arrest was illegal, appellant raised this issue in a motion to suppress evidence and there was nothing arising from the arrest for the court to suppress.

3.  Ineffective assistance of appellate counsel

Appellant contends he received ineffective assistance of counsel on appeal.  He specifically contends that mistakes in the opening brief prepared by counsel indicate that she confused his case with two other cases.

An indigent defendant has the right to effective assistance of counsel on appeal. (*In re Spears* (1984) 157 Cal.App.3d 1203, 1210.)  Some of the specific duties which appointed appellate counsel must fulfill to meet his or her obligations as a competent advocate include "'the duty to prepare a legal brief containing citations to the [appellate record] and appropriate authority, and setting forth all arguable issues, and the further duty not to argue the case against his client.'  [Citations.]"  (*People v. Barton* (1978) 21 Cal.3d 513, 519, footnote omitted.)

Appellant points to several locations in the opening brief where his appellate counsel made factual errors.  Appellant is correct that the cover of the opening brief states that Moore is counsel for "Appellant Davis."  He is also correct that counsel's declaration states in the first paragraph that her client is "Madeleine Maria Alvelais" and in the second paragraph that she has written to her client Talibdeen at "her" address at Wasco State Prison.  Appellant is currently housed at the Sierra Conservation Center.  These mistakes appear to arise from the use of a template to prepare the opening brief and show a failure to thoroughly proof-read the brief.

More troubling is counsel's statement that appellant was awarded 402 days of custody credit, with a citation to page 296 of the clerk's transcript. The minute order at that page states: "Nunc pro tunc order prepared on March 26, 2013, by Gabriela Ruelas by deleting the following language: Defendant given credit for 402 days in custody 335 days actual custody and 67 days good time/work time" The order continues on page 297 and states "to reflect the following language: Defendant given credit for 670 days in custody, 335 days actual and 335 for good time/work time." This certainly indicates a failure to read the appellate record carefully. Any harm from counsel's carelessness about credits has been cured by the trial court's "re-issuance" of appellant's "commitment papers" with the correct custody credits and by this Court's inclusion of the corrected custody credits in this opinion.

Appellant suggests that since appellate counsel was confused and careless, and ultimately failed to raise any arguable issues, counsel may not have performed an adequate review of the record.

Failure of "appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal" deprives an appellant of effective assistance of appellate counsel. (*In re Smith* (1970) 3 Cal.3d 192, 202-203.) However, the fact that appellate counsel filed a *Wende* brief is insufficient, by itself, to show appellate counsel has been ineffective.

We have undertaken an examination of the entire record pursuant to *Wende*, and are satisfied that no arguable issues exist. Accordingly, appellant has failed to meet his burden of proof on the issue of ineffective assistance of appellate counsel. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende, supra*, 25 Cal.3d at p. 443.)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P. J.

MOSK, J.

---

[*]     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.