[Crim. No. 19740. June 14, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
WILFORD WAYNE BARTON, Defendant and Appellant.

514

## COUNSEL

Paul N. Halvonik, State Public Defender, Clifton R. Jeffers, Chief Assistant State Public Defender, Ezra Hendon, Deputy State Public Defender, and Michael R. O'Neil, under appointment by the Court of Appeal, for Defendant and Appellant.

John J. Cleary as Amicus Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler, A. Wells Petersen and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

### Opinion

**BIRD, C. J.**—Appellant, Wilford Wayne Barton, contends that he was deprived of his right under the Fourteenth Amendment of the United States Constitution to the competent assistance of counsel on appeal, in that the attorney appointed to represent him in the Court of Appeal failed to present an adequate appellate record from which that court could reach the merits of his search and seizure issue. This contention has merit.

I

On November 18, 1975, an information was filed in the Orange County Superior Court, charging appellant with robbery (Pen. Code, § 211) and burglary (Pen. Code, § 459) and further alleging he had used a firearm in the commission of those offenses (Pen. Code, § 12022.5). Appellant pleaded not guilty and denied the "use" allegation.

Appellant subsequently moved to suppress certain evidence pursuant to Penal Code section 1538.5. The hearing on that motion required two court days, January 2 and January 9, 1976; at the conclusion of the hearing, the motion was denied. Thereafter, appellant's case proceeded to jury trial and he was found guilty of second degree robbery and second degree burglary. The jury determined the "use" allegation to be untrue and the court sentenced appellant to prison.

A timely notice of appeal was filed and an appellate record was prepared in due course (cf. Cal. Rules of Court, rule 33(a)). It included a reporter's verbatim transcript of the proceedings held on January 9th on the section 1538.5 motion to suppress. However, the record did not include a reporter's transcript of the January 2d session at which witnesses for both sides had testified.

Appellant requested the appointment of counsel on appeal, and after his indigency was established, the Court of Appeal granted his request. The attorney appointed to represent appellant filed an opening brief in which he argued that the section 1538.5 motion had been erroneously denied. The attorney did not request that the appellate record be augmented or corrected to include a reporter's transcript of the January 2d proceedings. (Cal. Rules of Court, rule 12.) Instead, counsel based his argument on (1) the evidence adduced at appellant's trial, (2) the testimony elicited at the January 9th session on the motion to suppress,

and (3) the "statement of expected testimony" in a memorandum of points and authorities filed in the trial court by the prosecutor in opposition to the motion to suppress.

The Attorney General, in his brief before the Court of Appeal, argued that the failure of appellant's attorney to provide a reporter's transcript of the entire hearing on the motion to suppress precluded appellant from seeking review of this ruling. Calling the defect a "gross dereliction of duty," the Attorney General asked the Court of Appeal to "reject any contentions of error raised in appellant's brief."

Appellant's counsel took no steps to augment or correct the record, and two months later the Court of Appeal affirmed appellant's convictions. It held that, "It is the duty of the appellant to produce an adequate record. This, he has not done. We are thus precluded from making a meaningful review of his contentions."

Appellant's attorney did not file a petition for rehearing in the Court of Appeal. Appellant himself filed a petition for hearing before this court, alleging he had not been afforded the adequate assistance of counsel. His petition was granted. Counsel was appointed to represent appellant before this court and the record on appeal was augmented to include, inter alia, a reporter's transcript of the proceedings of January 2d.

## II

California statutory law permits criminal defendants to appeal as a matter of right from a final judgment of conviction upon a jury verdict in the superior court. (Pen. Code, § 1237, subd. 1.) While such appeals are not mandated by the United States Constitution, the Fourteenth Amendment[1] to the Constitution requires that "once established, these avenues [of appellate review] must be kept free of unreasoned distinctions that can

---

[1]This opinion employs the unspecific term "Fourteenth Amendment" throughout because it is unclear from the prior cases which provision or provisions of the Fourteenth Amendment underlie the decisions handed down in this area by the United States Supreme Court. Some cases specify the equal protection clause alone; some point to both the equal protection and due process clauses; some rely on a mixture of equal protection and due process principles; and many decisions simply do not mention any particular provision. (E.g., cf. *Britt* v. *North Carolina* (1971) 404 U.S. 226, 227 [30 L.Ed.2d 400, 403, 92 S.Ct. 431], with *Mayer* v. *City of Chicago* (1971) 404 U.S. 189, 193 [30 L.Ed.2d 372, 377, 92 S.Ct. 410], and *Anders* v. *California* (1967) 386 U.S. 738, 744 [18 L.Ed.2d 493, 498, 87 S.Ct. 1396], and *Eskridge* v. *Washington Prison Bd.* (1958) 357 U.S. 214, 216 [2 L.Ed.2d 1269, 1271, 78 S.Ct. 1061].)

only impede open and equal access to the courts." (*Rinaldi* v. *Yeager* (1966) 384 U.S. 305, 310 [16 L.Ed.2d 577, 581, 86 S.Ct. 1497].)

Among such "unreasoned distinctions" are those based on the income or assets of a litigant. "[A] State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty." (*Douglas* v. *California* (1963) 372 U.S. 353, 355 [9 L.Ed.2d 811, 813, 83 S.Ct. 814].) Rather, "[i]n all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds . . . ." (*Draper* v. *Washington* (1963) 372 U.S. 487, 496 [9 L.Ed.2d 899, 906, 83 S.Ct. 774].) Thus, an indigent who is entitled to appeal is constitutionally entitled to "a complete and effective appellate review of his conviction . . . ." (*Entsminger* v. *Iowa* (1967) 386 U.S. 748, 752 [18 L.Ed.2d 501, 504, 87 S.Ct. 1402].)

The Supreme Court has identified at least two "basic tools" (*Britt* v. *North Carolina* (1971) 404 U.S. 226, 227 [30 L.Ed.2d 400, 403, 92 S.Ct. 431]) that are constitutionally necessary for a "complete and adequate" appeal by an indigent: (1) a competent attorney on appeal, acting as an advocate on behalf of the indigent (see, e.g., *Douglas* v. *California, supra,* 372 U.S. 353; *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]; *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21]); and (2) an appellate record that will permit a meaningful, effective presentation of the indigent's claims (see, e.g., *Griffin* v. *Illinois* (1956) 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055]; *Mayer* v. *City of Chicago* (1971) 404 U.S. 189 [30 L.Ed.2d 372, 92 S.Ct. 410]; *March* v. *Municipal Court* (1972) 7 Cal.3d 422 [102 Cal.Rptr. 597, 498 P.2d 437, 66 A.L.R.3d 945].) Appellant contends, inter alia, he was effectively denied his right to a competent appellate attorney before the Court of Appeal. This court agrees.[2]

■ It is a firmly established principle of our law that the Fourteenth Amendment to the federal Constitution requires that an indigent accused

---

[2]It is unnecessary to reach appellant's remaining contentions which include the following:

(1) whether the state fulfilled its duty under the Fourteenth Amendment to provide appellant with a complete and effective appellate record;

(2) whether the appellate proceedings were fundamentally unfair in contravention of the due process clauses of the federal Constitution;

(3) whether appellant was deprived of a right to counsel under the Sixth Amendment; and

(4) whether appellant was denied any right under California's independent Constitution.

be afforded the assistance of counsel on appeal. (*Douglas* v. *California, supra* 372 U.S. 353; *In re Banks* (1971) 4 Cal.3d 337, 342 [93 Cal.Rptr. 591, 482 P.2d 215].)[3] In order to meet these constitutional standards, appointed appellate counsel must "act . . . in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.*" (*Anders* v. *California, supra,* 386 U.S. at p. 744 [18 L.Ed.2d at p. 498].) Moreover, counsel "must not only perform as an advocate, but must perform competently as well." (*In re Banks, supra,* 4 Cal.3d at p. 342.)

This court has, on several previous occasions, set forth some of the specific duties which appointed appellate counsel must fulfill to meet his or her obligations as a competent advocate. These include "the duty to prepare a legal brief containing citations to the [appellate record[4]] and appropriate authority, and setting forth all arguable issues, and the further duty not to argue the case against his client." (*People* v. *Lang* (1974) 11 Cal.3d 134, 139 [113 Cal.Rptr. 9, 520 P.2d 393]; see also *People* v. *Stephenson* (1974) 10 Cal.3d 652, 661 [111 Cal.Rptr. 556, 517 P.2d 820]; *In re Banks, supra,* 4 Cal.3d at p. 342; *In re Smith* (1970) 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969]; *People* v. *Feggans, supra,* 67 Cal.2d at p. 447.)

■ Obviously, if counsel has a duty to cite to the appellate record in support of his contentions, then counsel has a duty to insure that there is an adequate record before the appellate court from which those

---

[3]Since it is well settled that the principles of the Fourteenth Amendment cases apply "whenever a state affords a direct or collateral remedy to attack a criminal conviction" (*People* v. *Shipman* (1965) 62 Cal.2d 226, 231 [42 Cal.Rptr. 1, 397 P.2d 993]; see also *Lane* v. *Brown* (1963) 372 U.S. 477, 484 [9 L.Ed.2d 892, 897, 83 S.Ct. 768]), counsel must also be provided for an indigent (1) who brings a collateral attack on his conviction, once he has made "adequately detailed factual allegations stating a prima facie case" (*People* v. *Shipman, supra,* 62 Cal.2d at p. 232) or (2) who appeals from the denial of such a collateral attack, where such an appeal is permitted by law.

[4]Previously, in specifying the duties of appointed appellate counsel, this court has used the phrase "citations to the transcript" rather than "citations to the appellate record." (*People* v. *Lang* (1974) 11 Cal.3d 134, 139 [113 Cal.Rptr. 9, 520 P.2d 393]; *People* v. *Feggans, supra,* 67 Cal.2d at p. 447.) Reference to a "transcript" is somewhat ambiguous, since the California Rules of Court, rule 33(a), provides for both a "clerk's transcript" and a "reporter's transcript" as part of the "normal record" on appeal from a judgment of conviction in the superior court. (See *People* v. *Gaston* (1978) 20 Cal.3d 476, 481-482 [143 Cal.Rptr. 205, 573 P.2d 423]; *People* v. *Silva* (1978) 20 Cal.3d 489, 492 [143 Cal.Rptr. 212, 573 P.2d 430].) Moreover, an appellate court may consider items not contained in either the clerk's or reporter's transcripts, such as exhibits. (Cal. Rules of Court, rule 33(a)(3) and (b)(3); rule 10(c); rule 12(a). See *People* v. *Gaston, supra,* 20 Cal.3d at p. 485.) Thus, a more accurate description of counsel's duties on appeal is the requirement that counsel make citations to the appellate record, rather than to a transcript.

contentions may be resolved on their merits. Where the appropriate record is missing or incomplete, counsel must see that the defect is remedied, by requesting augmentation or correction of the appellate record (Cal. Rules of Court, rule 12) or by other appropriate means (see, e.g., Cal. Rules of Court, rule 10(c)). Otherwise, counsel has not provided that advocacy which permits "full consideration and resolution" of the appeal, as required by the Constitution. (*Anders* v. *California, supra,* 386 U.S. at p. 743 [18 L.Ed.2d at pp. 497-498].)

In the present case, appellate counsel argued in the Court of Appeal that the superior court had erroneously denied appellant's pretrial motion to suppress evidence. Appellate review of such a contention, following a judgment of conviction in the superior court, normally requires a reporter's transcript of the evidentiary proceedings on the motion to suppress.[5] (See Cal. Rules of Court, rule 33(b)(2)(a).) The record before the Court of Appeal was deficient in this respect, since it contained no reporter's transcript of the first of the two days of hearings on the motion. Counsel's failure to appreciate or correct this defect constituted the inadequate assistance of counsel on appeal, since it precluded "full consideration and resolution of the matter."[6] (*Anders* v. *California, supra,* 386 U.S. at p. 743 [18 L.Ed.2d at p. 498].) Therefore, appellant is entitled to a redetermination of his appeal, assisted by competent counsel.[7]

---

[5]The Rules of Court do permit the parties, if they so desire, to "present the appeal on an agreed statement. . . ." (Cal. Rules of Court, rule 36(a).) No such procedure was employed in appellant's case.

[6]Under the liberal rule for augmentation of the appellate record in rule 12(a) of the California Rules of Court (*People* v. *Gaston, supra,* 20 Cal.3d at pp. 482-484; *People* v. *Silva, supra,* 20 Cal.3d at p. 493), appellant would clearly have been entitled to have an augmentation motion granted, since the transcript of the missing day's proceedings clearly was relevant to an issue appellant was raising in his appeal.

[7]*People* v. *Siegenthaler* (1972) 7 Cal.3d 465 [103 Cal.Rptr. 243, 499 P.2d 499] is not inconsistent with this result. In that case, the defendant moved in the trial court to set aside the information (Pen. Code, § 995). He argued at the motion that he should not have been held to answer at his preliminary hearing, because the evidence introduced against him at that hearing was the product of an illegal search and seizure. The trial court denied the section 995 motion. Defendant thereafter moved to suppress that same evidence for the same reasons at a de novo hearing in the superior court (Pen. Code, § 1538.5). The court denied this motion also.

On appeal from his conviction, the defendant contended, inter alia, that the denial of each of these motions had been error. However, the appellate record did not contain the preliminary examination transcript, which was necessary to appellate review of the section 995 motion. This court held that this gap in the record precluded appellate review of the section 995 motion. The court was careful to note, however, that the same search and seizure issue was properly before the court on review of the section 1538.5 motion and that by this route the court was able to reach the merits of the issue raised at the section 995 motion. In these limited circumstances, the court declined to address

## III

Appellant has asked this court to abandon what he describes as the " 'farce and sham' or 'farce and mockery' standard" for measuring the incompetence of counsel. ■ It is unnecessary for this court to do so in the present case, since the standard which appellant attacks is not, and has never been, the standard used to test the adequacy of appellate counsel appointed pursuant to the Fourteenth Amendment. None of the decisions by the United States Supreme Court in this area have mentioned that standard, nor was it employed by this court in *Feggans, Smith, Banks, Stephenson,* or *Lang.*[8] (See also *People* v. *Rhoden* (1972) 6 Cal.3d 519 [99 Cal.Rptr. 751, 492 P.2d 1143].) Instead, these decisions require that the adequacy of appellate counsel for indigent criminal defendants be measured by their performance of the "specific duties" (*In re Smith, supra,* 3 Cal.3d at p. 197) required by the Constitution. The "farce or sham" standard is not involved in this context.

## IV

■ Appellant was denied his right under the Fourteenth Amendment to the competent assistance of counsel on appeal because his former counsel failed to obtain an appellate record adequate for consideration of appellant's claims of error. This cause is transferred to the Court of Appeal, Fourth Appellate District, Division Two, with directions to

separately the propriety of the denial of the section 995 motion. The result of *Siegenthaler* would have been otherwise if the gap in the appellate record had totally precluded this court from addressing the search and seizure issue.

[8]The "farce or sham" standard was mentioned in connection with the competence of appellate counsel in *In re Yurko* (1974) 10 Cal.3d 857, 866 [112 Cal.Rptr. 513, 519 P.2d 561]. There, the appellant challenged the adequacy of both his trial counsel and his appellate counsel. In rejecting these claims, this court stated, "This is not a case where, because of either trial or appellate counsel's lack of diligence or skill, petitioner's trial or appeal was reduced to a farce or a sham. (See *People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487]; *In re Smith* (1970) 3 Cal.3d 192, 198-200 [90 Cal.Rptr. 1, 474 P.2d 969].)" (*In re Yurko, supra,* 10 Cal.3d at p. 866.)

This statement noted that *People* v. *Ibarra, supra,* 60 Cal.2d 460, had employed a "farce or sham" standard for measuring the adequacy of *trial* counsel. However, the statement in *Yurko* was not meant to suggest that a farce or sham standard applied to appointed *appellate* counsel; *Smith,* the case cited therein to support the reference to appellate counsel, did not employ the farce or sham standard. On the contrary, *Smith* measured the adequacy of appellate counsel based on whether he had raised "error[s] that *arguably* might have justified a reversal," even if a competent presentation of those asserted errors "might not have compelled reversal." (Italics added.) (*Id.,* at pp. 200, 201.)

appoint counsel for appellant and to reconsider his appeal. (*People* v. *Lang, supra,* 11 Cal.3d at p. 136.)

Tobriner, J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Jefferson, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.