[No. B065129. Second Dist., Div. Seven. Oct. 20, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL RICHARD HARRIS, Defendant and Appellant.

[No. B075899. Second Dist., Div. Seven. Oct. 20, 1993.]

In re MICHAEL RICHARD HARRIS on Habeas Corpus.

## COUNSEL

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS (Fred), J.**—Appellant/petitioner (hereafter petitioner) makes this novel claim: he was denied effective assistance of appellate counsel in his first appeal (B044048) because appellate counsel pursued rather than abandoned that appeal.

We find petitioner has failed to prove his claim and accordingly deny the petition and affirm the judgment.

### PROCEDURAL AND FACTUAL BACKGROUND

Because the only issue is effective assistance of counsel in the first appeal, the facts may be stated simply. We adopt Justice Ashby's summary: "About seven months before the murder, the victim, Kenneth Fulcher, and appellant had a fistfight in front of appellant's girlfriend, and Fulcher knocked appellant out. Appellant became obsessed with the incident and he determined to confront Fulcher. [¶] About three weeks before the murder appellant went to San Francisco and purchased a handgun, using a falsified driver's license. In the early morning hours of February 26, 1986, appellant fashioned a mask from a piece of thermal underwear, took a large cardboard box into Fulcher's garage and hid in the box for two hours waiting for Fulcher. When Fulcher entered the garage, appellant exchanged words and pushes with him, then shot Fulcher six times, killing him." (*People* v. *Harris* (1991) 227 Cal.App.3d 1223, 1225-1226 [278 Cal.Rptr. 391].)

In a court trial, petitioner was convicted of first degree murder (Pen. Code,[1] § 187), and the lying-in-wait special circumstance (§ 190.2, subd. (a)(15)) and firearm use allegation (§ 12022.5) were found true.

The trial court held extensive hearings[2] to determine whether it should dismiss the lying-in-wait special circumstance pursuant to *People* v. *Williams* (1981) 30 Cal.3d 470, 489-490 [179 Cal.Rptr. 443, 637 P.2d 1029]. At the conclusion of those hearings the trial court asked defense counsel if petitioner would waive his "back time."[3] When defense counsel said yes, the trial court dismissed the special circumstance and imposed a 27-year-to-life sentence.

Petitioner, who had been represented at trial by private counsel (Michael Adelson), filed a notice of appeal in propria persona and requested the

---

[1]Statutory references, unless otherwise noted, are to the Penal Code.

[2]As requested by the parties, we have taken judicial notice of the record in the first appeal, case No. B044048 (Evid. Code, §§ 452, 453).

[3]Petitioner had over four years' (one thousand five hundred fifteen days) custody credits.

appointment of counsel on appeal. Division Five of this court appointed Corinne S. Shulman.

In her opening brief, Ms. Shulman contended petitioner was entitled to presentence custody credits because the record failed to show a valid waiver of them.

Respondent, in its brief, disputed petitioner's contention and raised a new issue, contending the dismissal of the lying-in-wait special circumstance was invalid.

The Court of Appeal found both the waiver of custody credits and the dismissal of the special circumstance flawed. It reinstated the special circumstance finding and remanded the cause "for the trial court to reconsider whether the special circumstance finding should be dismissed pursuant to Penal Code section 1385. If the trial court determines to dismiss the special circumstance finding on condition that appellant waive custody and conduct credit, the court shall obtain on the record an adequate waiver from appellant. If the court determines to dismiss the special circumstance finding, the court shall set forth in the minutes a statement of its reasons." (*People* v. *Harris*, *supra*, 227 Cal.App.3d 1223, 1229.)

On remand, before the original trial judge, defense counsel (Mr. Adelson and new cocounsel, Harry Weiss) again urged the trial court to dismiss the special circumstance finding. The trial court declined. It sentenced petitioner to life without the possibility of parole, plus two years, and credit for two thousand eight hundred and two days in custody (seven and two-thirds years).

Petitioner, in propria persona, filed the instant appeal and requested this court to appoint appellate counsel for him. We granted his request.

Appellate counsel then filed the instant petition for a writ of habeas corpus. We requested responsive points and authorities from respondent and consolidated the two proceedings.

## DISCUSSION

█ Petitioner, in his appeal and petition, makes a single claim: he was denied effective assistance of appellate counsel in his first appeal.

█ A criminal defendant has a right not only to counsel on appeal (*Douglas* v. *California* (1963) 372 U.S. 353, 356-357 [9 L.Ed.2d 811,

814-815, 83 S.Ct. 814]), but to competent counsel on appeal. (*Evitts* v. *Lucey* (1985) 469 U.S. 387 [83 L.Ed.2d 821, 105 S.Ct. 830].)

Our Supreme Court has "set forth some of the specific duties which appointed appellate counsel must fulfill to meet his or her obligations as a competent advocate. These include 'the duty to prepare a legal brief containing citations to the [appellate record] and appropriate authority, and setting forth all arguable issues, and the further duty not to argue the case against his client.'" (*People* v. *Barton* (1978) 21 Cal.3d 513, 519 [146 Cal.Rptr. 727, 579 P.2d 1043]; see also *In re Smith* (1970) 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969]; *People* v. *Rhoden* (1972) 6 Cal.3d 519, 524 [99 Cal.Rptr. 751, 492 P.2d 1143].) Additionally, appellate counsel must provide an adequate appellate record (*People* v. *Barton*, *supra*, at pp. 519-520) and "serves both the court and [her] client by advocating changes in the law if argument can be made supporting change." (*People* v. *Feggans* (1967) 67 Cal.2d 444, 447 [62 Cal.Rptr. 419, 432 P.2d 21].)

█ Petitioner does *not* assert that his first appellate counsel (Ms. Shulman) failed to fulfill any of these duties. He does not fault the quality of her brief, does not suggest she omitted arguable issues, and does not claim she committed any other error of omission.

Her transgression, petitioner argues, was in pursuing rather than abandoning the first appeal. *Pursuing* the appeal, not *filing* the appeal, is the claimed delict because it was petitioner, not Ms. Shulman, who initiated the appeal by filing the notice of appeal in propria persona.

Petitioner cites no authority, and we are aware of none, where pursuing rather than abandoning an appeal has been adjudged ineffective assistance of appellate counsel.

█ The standard of review applicable to petitioner's claim has two components. "'First, [petitioner] must show that counsel's performance was deficient; specifically, he must establish that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Second, he must establish prejudice. He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome [citations]. Defendant has the burden of proving an ineffective assistance claim by a preponderance of the evidence [citation].'" (*People* v. *Sanders* (1990) 221 Cal.App.3d 350, 366-367 [271 Cal.Rptr. 534]; see also *People* v. *Lewis* (1990) 50 Cal.3d 262, 288 [266 Cal.Rptr. 834, 786 P.2d 892].) "Courts must in general exercise deferential scrutiny in reviewing such claims; the reasonableness of defense

counsel's conduct must be assessed 'under the circumstances as they stood' at the time of counsel's acts or omissions; 'second-guessing' is to be avoided." (*People* v. *Mincey* (1992) 2 Cal.4th 408, 449 [6 Cal.Rptr.2d 822, 827 P.2d.)

Petitioner, in effect, concedes that the record on appeal affords no basis for relief. In his reply brief petitioner acknowledges "there is no showing in the appellate record that appellant was not apprised of the possible consequences of the appeal in time to permit him to abandon it." We agree with petitioner's assessment of the record on appeal and with his conclusion that it affords no basis for relief.

To overcome this inadequacy petitioner has provided a declaration from his first appellate counsel, Ms. Shulman, with two appended letters, all part of his writ petition. These documents demonstrate that before filing her opening brief on appeal Ms. Shulman communicated with defense counsel, Mr. Adelson, and with a California Appellate Project supervising attorney, Patricia E. Nelson. Ms. Nelson alerted Ms. Shulman to the absence of a "knowing, intelligent, or *personal* waiver [of custody credits]." More significantly, these documents demonstrate that in an October 10, 1990, letter, five days before Ms. Shulman filed her reply brief, Ms. Shulman advised petitioner as follows: "I think it important that I point out to you, however, a problem which has arisen which affects your appeal. As you know, I could find no arguable issues which would entitle you to a reversal of your conviction, and the only real issue deals with the failure to award presentence credits. In its brief, the People have argued that the failure to state reasons for striking the special circumstance allegation is a jurisdictional defect which makes that order void, and there are cases which support its position. If this argument prevails, your case would be remanded for resentencing, and the lower court could reimpose the special circumstance allegation (which would make you ineligible for parole, as it would reinstate the 'life without parole' sentence). If you do not want to run this risk, no matter how remote it might be, you may want to consider abandoning the appeal. Give it some thought, and *if you decide that you want the appeal abandoned, let me know as soon as possible. I will then send you the appropriate form for signature.*" (Italics added.)

Insofar as the petition shows, petitioner received and understood this letter but did not "decide that [he] want[ed] the appeal abandoned."

With the record thus illuminated we have no occasion to decide whether pursuing rather than abandoning an appeal may constitute ineffective assistance of counsel. On this record it was petitioner, not counsel, who decided to pursue rather than abandon the appeal.

■ Petitioner's final claim—that notwithstanding being advised of the risk of pursuing the appeal and that the decision to abandon it was his, irremedial prejudice resulted from Ms. Shulman's filing of her opening brief—does not bear scrutiny.

California Rules of Court, rule 38 provides: "An appellant may dismiss his appeal *at any time* by filing an abandonment thereof, signed by him or his attorney of record. . . . If the record has been filed in the reviewing court, the abandonment shall be filed in that court, which may order the dismissal and immediate issuance of the remittitur. . . ." (Italics added; see also Cal. Rules of Court, rule 19.)

Contrary to petitioner's claim, it is the filing of the *record*, not the filing of an opening brief, which has significance when abandoning an appeal.

### DISPOSITION

The petition for a writ of habeas corpus is denied. The judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied November 12, 1993, and appellant's petition for review by the Supreme Court was denied January 27, 1994.