Filed 11/2/15  Wen v. Yao CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JIANG CUI WEN, | B255846 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC456268) |
| v. | |
| YUBIN YAO et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County. Michael Johnson, Judge.  Affirmed.

Law Offices of Steven P. Chang, Steven P. Chang and James A. Kim, for Plaintiff and Appellant, Jiang Cui Wen.

Plotkin Marutani & Kaufman, Jay J. Plotkin and Nancy O. Marutani for Defendant and Respondent Min Gao.

Schiada & Caballero and John H. Caballero for Defendant and Respondent Yubin Yao.

_____

Jiang Cui Wen appeals from the summary judgments entered for defendants Yubin Yao and Min Gao in Jiang's action alleging that they fraudulently concealed from him or transferred assets belonging to the judgment debtors in Jiang's earlier action against other parties. We affirm because the appellate record Jiang provided omits several key documents, most notably his own opposition to the summary judgment motions.

## FACTS AND PROCEDURAL HISTORY

In October 2010 Jiang Cui Wen won a judgment of more than $2.8 million against Zhong Xiao Zhao and Yuki Mochida arising from their misuse of funds that Jiang authorized them to use on his behalf.[1] The present action arose from Jiang's claim that Yubin Yao, Min Gao, Sino-Sun Group, Inc., and Fresh Trading, Inc. were helping Zhao and Mochida conceal assets and funds in order to prevent Jiang from enforcing his 2010 judgment. Although the complaint is not in the record, the parties stipulated that Jiang's action was limited to a cause of action for violation of the Uniform Fraudulent Transfer Act (Civ. Code, § 3439, et seq.), and to relief available in a creditor's action (Code Civ. Proc., §§ 708.210 – 708. 290). Counsel for Jiang later agreed that the relevant time frame for these alleged transfers was from 2002 through 2005.

In December 2013 Gao, Yao, Sino-Sun Group, and Fresh Trading all moved for summary judgment. Jiang countered with his own summary judgment motion. On February 28, 2014, the trial court denied the summary judgment motions of plaintiff Jiang and defendants Sino-Sun Group and Fresh Trading, but granted the summary judgment motions of individual defendants Gao and Yao. The trial court found that Jiang's opposition raised no triable issues of fact to counter Yao's and Gao's evidence that they did not receive or otherwise take part in any fraudulent asset transfers.

---

[1]     The record in this case is not fully developed. As best we can tell, the money was supposed to pay for expenses incurred or some sort of bond to be issued in connection with federal tariff violations concerning the illegal dumping of Chinese crawfish into the American market.

Jiang appealed the judgments for Yao and Gao.[2] Jiang designated a reporter's transcript of the hearing as part of the appellate record, stating that he would "lodge" the original transcript with this court "at a later time." He did not do so. Jiang also designated a clerk's transcript that listed more than 90 different documents, many of which came from his own unsuccessful summary judgment motion. Jiang's record designation listed two motions for summary judgment, but did not specify which ones they were. Based on their dates, we presume they were respondents' motions. However, he did not designate respondents' separate statements of undisputed facts. Instead, Jiang designated the separate statement of undisputed fact from his own summary judgment motion. Jiang's record designation refers to two "objection documents" and an unspecified points and authorities he supposedly filed, but it is unclear whether one of those was his opposition points and authorities.

In September 2014, the clerk of the superior court notified the parties that she had been unable to procure copies of seven documents designated by Jiang as follows: (1) a "Statement of Facts" dated December 18, 2012; (2) a "Declaration" dated December 18, 2012; (3) "Defendant Reply" dated May 19, 2013; (4) "Miscellaneous Other filed by Plaintiff" dated June 18, 2013; (5) five "Declarations . . . filed by Plaintiff" on August 14, 2013; (6) a request for judicial notice filed by plaintiff on August 14, 2013; and (7) "Notice of Motion filed by Plaintiff" on September 24, 2013.

Jiang took no steps to cure these omissions. Instead, after Gao designated and filed with this court a supplemental clerk's transcript that contained Gao's points and authorities and other material in support of his summary judgment motion, Jiang filed an opening appellate brief where he acknowledged the superior court clerk's designation of missing documents and promised to seek leave to augment the record accordingly. Jiang never did so. Instead, his opening appellate brief includes only partial record citations, all of which are from his own summary judgment motion, not the motions of Gao and Yao that are the subject of this appeal.

---

[2] The present appeal does not involve the *denial* of Jiang's summary judgment motion. We will sometimes refer to Gao and Yao collectively as respondents.

Respondents contend that Jiang failed to provide an adequate record for appellate review because it does not contain several key documents – most noticeably Jiang's trial court points and authorities and supporting materials in opposition to the summary judgment motions.

Jiang's appellate reply brief acknowledged the record deficiencies but contended that he had properly designated all required documents and that the superior court clerk's designation of missing documents did not reference all the missing documents. Jiang's reply brief included conformed copies of the cover pages of his separate statement of undisputed facts from his own summary judgment motion, as well as from three supporting declarations. Jiang said he would lodge those documents with this court, but did not do so. Jiang claimed that the record included the testimony of his expert witness. He also claimed that the contents of his separate statement were included in the record because they were set forth as part of Gao's response to Jiang's separate statement. However, the document to which Jiang refers is Gao's separate statement of disputed facts in opposition to Jiang's summary judgment motion.

## DISCUSSION

An appellant has the burden of affirmatively demonstrating error by providing an adequate record. If not, then we must affirm the trial court's decision. (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) Without Jiang's trial court points and authorities and other supporting materials filed in opposition to respondents' summary judgment motions we have no way of evaluating Jiang's appellate contentions.

The superior court clerk's certificate regarding missing documents states that Jiang's counsel was notified of the omissions, asked to provide copies of the missing documents, and failed to do so. To the extent Jiang's opening appellate brief includes record citations, those are to his own denied summary judgment motion, not respondents. Therefore, his lawyer must have been aware that other documents, including Jiang's opposition papers, were missing at the time the opening brief was prepared. Jiang could

4

have moved to augment the record or brought a motion in this court asking that the record be corrected or that the superior court settle a dispute about the record omissions. (Cal. Rules of Court, rule 8.155 (c)(1), (2).) In fact, he had the duty to do so. (*People v. Barton* (1978) 21 Cal.3d 513, 520.) Jiang said in his appellate briefs that he would either move to augment the record or "lodge" missing records with this court, but never did so. We therefore hold that Jiang failed to provide an adequate record for meaningful appellate review and affirm the judgments for Gao and Yao.

## DISPOSITION

The summary judgments for respondents Gao and Yao are affirmed. Respondents shall recover their appellate costs.


                                              RUBIN, J.
WE CONCUR:


        BIGELOW, P. J.


        FLIER,J .


5