Filed 3/16/16  P. v. Morales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C079657 |
| Plaintiff and Respondent, | (Super. Ct. No. 14CR2267002) |
| v. | |
| BENITO MORALES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Benito Morales has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Between May and August of 2014, defendant was a prisoner at Mule Creek State Prison. He and his daughter, an approved visitor, engaged in a series of coded telephone conversations discussing the purchase, transportation, and smuggling of heroin into the prison by his daughter. Pursuant to a search warrant, defendant's daughter was searched and found in possession of 11.5 grams of heroin. She admitted knowing what she was carrying and that she intended to pass the heroin to defendant during their visit.

A complaint charged defendant with felony possession of contraband in jail (Pen. Code, § 4573.6(a))[1] and further alleged defendant had a prior strike conviction. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). In exchange for a negotiated sentence of two years, doubled pursuant to the strike, defendant pleaded no contest to possession of heroin in jail and admitted the prior strike. The trial court sentenced defendant to a four-year term in accordance with the plea, and imposed a $300 restitution fine (§ 1202.4), $300 suspended parole revocation restitution fine (§ 1202.45), a $40 court security fee (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

The trial court denied defendant's request for a certificate of probable cause.

II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant filed a supplemental brief, claiming: (1) he received ineffective assistance of counsel, in that trial counsel did not challenge the search warrant issued against his daughter; and (2) appellate counsel was ineffective for failing to file a potentially meritorious claim.

---

[1] Undesignated statutory references are to the Penal Code.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance fell below a standard of reasonable competence, and that there is a reasonable probability the result would have been more favorable to the defense in the absence of counsel's deficient performance.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674].)  The defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence.  (*People v. Harris* (1993) 19 Cal.App.4th 709, 714.)  Defendant has not asserted, let alone established, that he had standing to challenge the search of his daughter, or the warrant that supported that search.  "The question of whether a defendant has standing to challenge a search is a question of 'whether the challenged search and seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude the evidence obtained during it.'  [Citation.]  In other words, in order to challenge a search or seizure, the defendant must first establish the search or seizure 'infringed an interest of the defendant which the Fourth Amendment was designed to protect.'  [Citation.]"  (*In re Rudy F.* (2004) 117 Cal.App.4th 1124, 1131.)  " ' "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." '  (*Rakas v. Illinois* [(1978)] 439 U.S. [128, ]133-134 [58 L.Ed.2d 387], quoting *Alderman v. United States* (1969) 394 U.S. 165, 174 [22 L.Ed.2d 176].)"  (*People v. Schmitz* (2012) 55 Cal.4th 909, 932.)  Accordingly, defendant has not established trial counsel was ineffective in failing to make a motion to suppress the search of his daughter.

A claim of ineffective assistance of appellate counsel also requires a showing of both deficient performance and prejudice.  (*In re Reno* (2012) 55 Cal.4th 428, 488.)  Appellate counsel has the duty to prepare a legal brief containing citations to the appellate record and appropriate authority.  Counsel must set forth all arguable issues and cannot argue the case against his or her client.  Failure of "appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal" deprives

3

an appellant of effective assistance of appellate counsel. (*In re Smith* (1970) 3 Cal.3d 192, 202-203.) However, the fact that appellate counsel followed the procedure set forth in *Wende* is insufficient, by itself, to show appellate counsel has been ineffective.

We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, defendant has also failed to meet his burden of proof on the issue of ineffective assistance of appellate counsel. Appellate counsel's filing of a *Wende* brief was not unprofessional.

DISPOSITION

The judgment is affirmed.


                                                    HULL            , J.



We concur:



        BLEASE          , Acting P. J.



        MURRAY          , J.



4