Filed 2/16/21  P. v. Gandara CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GUILLERMO HUMBERTO GANDARA,<br><br>    Defendant and Appellant. | B298394<br><br>(Los Angeles County Super. Ct. No. BA005631) |

APPEAL from an order of the Superior Court of Los Angeles County, Roosevelt F. Dorn, Judge.  Affirmed.

Jonathan E. Demson, under appointment of Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant's petition for resentencing under Penal Code section 1170.95 was summarily denied.[1]  As defendant was not eligible for relief as a matter of law, we affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

1. ### *The Underlying Offense, Conviction, and Appeal*[2]

Following a brief confrontation in which the victim was held against a fence by a group of men, and codefendant Macario Aguirre struck him in the face, the victim walked away and picked up a rock.  Aguirre told defendant to shoot him.  Defendant slowly and deliberately took out a gun, aimed it at the victim, and shot.  The victim ran away, and subsequently died from a gunshot to his left thigh; the bullet had severed his femoral artery.

Defendant and Aguirre were charged with a single count of murder (§ 187).  It was further alleged that defendant personally used a firearm (§ 12022.5) and a principal was armed (§ 12022, subd. (a)(1)).

The case proceeded to jury trial.  Defendant offered a defense that did not challenge his identity as the shooter; instead, he argued only that he lacked the intent necessary for murder – suggesting (via a third-party witness) that he had intended only to scare the victim.  In argument to the jury, his

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     We take our discussion of the facts from the opinion affirming defendant's conviction, of which we have taken judicial notice.  (*People v. Gandara* (July 24, 1992, B054597) [nonpub. opn.].)  As relevant to our procedural discussion, we have also taken judicial notice of excerpts from the prior appellate record.

counsel suggested that the shooting was in self-defense or defense of another or, in the alternative, constituted only manslaughter.

The jury found both defendants guilty of second-degree murder. The jury found true the allegations that defendant personally used a firearm and that a principal was armed. As to Aguirre, the jury found the principal armed allegation not true.

Defendant was sentenced to prison for 15 years to life for the murder, plus 2 years for the personal use enhancement.

On appeal, a prior panel of this appellate division affirmed. In responding to the defendants' argument that their motion for acquittal should have been granted, the panel found sufficient evidence to support the verdicts. The court explained, "Appellant Gandara, with the aid and encouragement of appellant Aguirre, shot directly at the victim with a deadly weapon, killing the victim."

## 2. *Defendant's Section 1170.95 Petition*

On January 7, 2019, defendant, representing himself, filed a form petition for resentencing under section 1170.95. He requested counsel.

On the form, a defendant is to check Box 5 if he has been convicted of first-degree felony murder and Box 6 if convicted of second-degree murder under felony-murder or the natural and probable consequences doctrine. Defendant checked Box 6 and not Box 5. However, defendant checked some, but not all, of the boxes under Box 5. That is, defendant checked the box for "I was not a major participant in the felony or I did not act with reckless indifference to human life during the course of the crime or felony." He left unchecked, "I was not the actual killer." Although defendant was not required to check *any* of the boxes under Box 5 – as he did not check Box 5 itself – the fact that he

3

checked some but not others is consistent with his role as the actual killer.

On March 8, 2019, the court took the matter under submission. On March 20, 2019, the prosecution simultaneously filed a request for an extension to file an informal response to the petition, and an opposition to the petition arguing section 1170.95 is unconstitutional.[3]

On March 28, 2019, the trial court issued an order stating that it had read the petition and, based on that review, defendant "has not made a prima facie claim for relief, as the statute, and the language of this petition, require." The court referred to Box 5 of the petition, which suggests that the court was focused on defendant's failure to assert he was not the actual killer.

Defendant filed a timely notice of appeal.

### DISCUSSION

On appeal, defendant argues only that the trial court erred in denying his petition without appointing counsel.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) invalidated the natural and probable consequences doctrine as it relates to murder, and narrowed liability for felony murder. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*), review granted Mar. 18, 2020, S260493.) It also enacted section 1170.95, providing a means by which a defendant convicted of murder under prior authority could seek resentencing under the new version of the law.

---

[3] The opposition contained a single sentence arguing that, even if the statute were constitutional, it would not apply to defendant because he was the actual shooter.

4

Once a section 1170.95 petition is filed, there follows a multi-step process by which the court first determines whether the petition is facially complete, and, if so, whether the petitioner has made a prima facie showing that he falls within the provisions of statutory eligibility. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1177 (*Torres*), review granted June 24, 2020, S262011.)

The materials which the court can review at this stage include the prior appellate opinion. (*People v. Lee* (2020) 49 Cal.App.5th 254, 263, review granted July 15, 2020, S262459; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, fn. 7, review granted Mar. 18, 2020, S260598.) If the court determines the petitioner is ineligible for relief as a matter of law, the petition is denied at this first stage; if not, the court proceeds to the next step. (*Torres*, *supra*, 46 Cal.App.5th at pp. 1177-1178.)

At the first stage, the court's inquiry is only whether the defendant is ineligible for relief under section 1170.95 as a matter of law. (*Verdugo, supra*, 44 Cal.App.5th at p. 329.) If, for example, the court's review of the record of conviction necessarily establishes the defendant was convicted on a ground that remains valid after SB 1437's amendment of murder law, the petition may be denied at this stage. (*Id.* at pp. 329-330.) But if the court "cannot rule out the possibility that the jury relied on" a theory invalidated by SB 1437, there is no prima facie ineligibility. (*People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

There is no statutory right to counsel at this first, prima facie, stage of review. (*Verdugo, supra*, 44 Cal.App.5th at p. 323; see also *People v. York* (2020) 54 Cal.App.5th 250, 253, review granted Nov. 18, 2020, S264954; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.)

Neither the federal nor state constitutions require appointment of counsel in a collateral proceeding such as this.  The constitutional right to counsel applies at all critical stages of the process.  (*People v. Rouse* (2016) 245 Cal.App.4th 292, 296-297.)  The essence of a critical stage is " ' "the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." [Citation.]' "  (*Id.* at p. 297.)  The prima facie determination, in which the court does not resolve disputed issues of fact, is non-adversarial, and counsel is not constitutionally required.  (See *In re Clark* (1993) 5 Cal.4th 750, 780 [due process requires appointment of counsel "if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause"]; *People v. Barton* (1978) 21 Cal.3d 513, 519, fn. 3 [same].)

Defendant was therefore not entitled to counsel at the prima facie stage.  Although defendant does not otherwise challenge the merit of the trial court's ruling, we briefly address it.  The trial court mistakenly relied on the boxes defendant did and did not mark in his petition, in order to conclude defendant was the actual killer.  However, the facts of the crime as set forth in the appellate opinion, as well as the fact that defendant alone was found to have personally used a firearm, confirm that defendant was, in fact, the actual killer, and therefore ineligible for relief.

/ / /

/ / /

6

### *DISPOSITION*

The order denying defendant's section 1170.95 petition is affirmed.


                                   RUBIN, P.J.

WE CONCUR:



BAKER, J.



MOOR, J.