Filed 5/17/24  P. v. Tran CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR MINH TRAN,<br><br>    Defendant and Appellant. | D082106<br><br><br><br>(Super. Ct. No. SCD249683) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance from Plaintiff and Respondent.

In 2014, a jury convicted Victor Minh Tran of two counts of attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664) and two counts of assault with a firearm (§ 245, subd. (a)(2)), for conduct involving two victims.  The jury was instructed as to aiding and abetting liability with respect to these counts.

---

[1]    All further statutory references are to the Penal Code.

The jury also convicted Tran of one count of robbery (§ 211), and one count of assault with a deadly weapon (§ 245, subd. (a)(1)) for conduct involving a third victim. The jury was instructed as to aiding and abetting, conspiracy, and natural and probable consequences liability with respect to these counts.

In 2022, Tran filed a petition for resentencing under section 1172.6 on the ground that he was convicted of "attempted murder under the natural and probable consequences doctrine" and "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." The court appointed counsel, received briefing from Tran and the People, and held a hearing. The trial court found that the jury instructions refuted Tran's allegation that he was convicted of attempted murder under a natural and probable consequences theory, and thus Tran was not eligible for relief under the statute as a matter of law. The petition for resentencing was denied without issuing an order to show cause.

Tran filed a timely notice of appeal. Appellate counsel subsequently filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating she has not been able to identify any potentially meritorious issues for reversal on appeal. We notified Tran of his right to file his own brief on appeal. He elected to do so and raised two principal arguments. First, he claims "the trial court failed to instruct the jury as to the elements needed to convict based off a theory of aiding/abetting a specific intent crime and that the mens rea of an aider/abett[o]r is separate from the perpetrator." Second, he claims that, although the jury was not instructed on natural and probable consequences liability with respect to attempted murder, it could nonetheless have convicted him under a natural and probable consequences theory due to the presence of a natural and probable

2

consequences for other counts and alleged improper argument by the prosecutor.

We have reviewed the arguments raised by Tran and relevant portions of the record of conviction,[2] and we agree with counsel that there are no potentially meritorious arguments on appeal. We therefore affirm.

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo*, and Tran has elected to file his own supplemental brief. Although we are "required to evaluate the specific arguments presented in that brief," we are not "compel[led to conduct] an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Tran first argues that there was instructional error with respect to the attempted murder charges, and the jury was not properly instructed as to the requisite mens rea. As we have repeatedly held, such alleged "instructional errors . . . have nothing to do with the[ ] 2019 legislative changes" to the law of attempted murder. (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 935; see also *People v. Flores* (2023) 96 Cal.App.5th 1164, 1173; *People v. Burns* (2023) 95 Cal.App.5th 862, 867 (*Burns*).) At the time of this defendant's trial in 2014, it was well established that "when the charged offense and the intended offense—murder or attempted murder—are the same, . . . the aider and abettor must know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118.) Thus, assuming defendant is correct that the jury was not properly instructed on the requisite mens rea for aiding and abetting attempted murder, that

---

[2] On our own motion, we take judicial notice of the record in Tran's prior appeal so that we may assess Tran's arguments regarding the prosecution's statements. (See *Burns*, *supra*, 95 Cal.App.5th at p. 865, fn. 3.)

argument could and should have been raised on direct appeal.  (See *Berry-Vierwinden*, at p. 936.)  That is, because Tran's instructional error argument could have been grounds for relief before amendments to the law of attempted murder, a conviction on the basis of such error is not "because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)  This is not an arguable issue.

Tran also claims that the prosecutor made multiple improper statements that encouraged the jury to rely on a natural and probable consequences theory of liability.  The prosecution relied on a natural and probable consequences theory only as to the nontarget, charged offenses of "robbery and/or assault with a deadly weapon" based on the target, uncharged offenses of "disturbing the peace, and/or a simple battery, and/or assault with force likely to cause great bodily injury."  The natural and probable consequences instruction concerned a different victim and different counts than the attempted murder counts.  "[A]bsent some indication in the record, we must presume that the jury understood and applied these instructions."  (*People v. Jablonski* (2006) 37 Cal.4th 774, 806–807 (*Jablonski*).)

Tran first points to arguments purportedly made during voir dire, contending that the prosecutor "[e]licit[ed] the [natural and probable consequences] doctrine for attempted murder."  However, Tran does not describe the alleged statements in any detail, precluding us from assessing the potential impact on the jury.  Moreover, voir dire and opening arguments were not transcribed.  "Where the appropriate record is missing or incomplete, [appellant] must see that the defect is remedied, by requesting augmentation or correction of the appellate record [citation] or by other appropriate means."  (*People v. Barton* (1978) 21 Cal.3d 513, 520.)  Tran has

4

failed to provide an adequate record or argument from which we could evaluate the effect of any statement made during voir dire.

Second, Tran points to the prosecutor's statement "that the only possible intent in firing a gun is to intend to kill because 'that's what they do they kill people.' " In fact, the prosecutor was advancing the theory that Tran personally intended to kill the victims, stating,

> "It doesn't matter if the defendant missed or was a bad shoot. Ladies and gentlemen, when you take out a handgun and you aim that handgun directly at two different people, and you begin firing round, after round, you're [*sic*] only intent could be to kill these people. That's what guns do. They kill people and *that was his intent when he began firing* at [the victims]. He was trying to kill them." (Italics added.)

There is no reasonable possibility that this statement encouraged the jury to misinterpret the natural and probable consequences instruction.

Third, Tran claims that the "prosecution continued [to] reference and [rely] on characteristic elements of CALCRIM [No.] 403," which concerns natural and probable consequences. As best we can tell, Tran is arguing that the prosecution linked the natural and probable consequences theory to the attempted murder charges in its closing. That is not a reasonable reading of the record. In rebuttal closing arguments, the prosecutor first responded to points the defense made about aiding and abetting the attempted murder, positing that even if the jury was uncertain whether Tran fired the gun, as the driver of the vehicle he could still be guilty as an aider and abettor. Only *then* did the prosecutor discuss the natural and probable consequences doctrine, specifically referencing the robbery charge and concluding:

> "You have to keep your eye on the ball when it comes to the evidence, and I encourage you the natural and probable consequences of these theories were described [by the defense] as mumbo jumbo to you. ¶ I know it might be tempting to look at it

as mumbo jumbo, but it's the law. . . . If it seems a little abstract, just give it time, read the instructions, and it will become clear."

There is no reasonable likelihood that the sequence of these statements confused the jury, especially in light of the prosecutor's specific reference to the robbery offense in connection with natural and probable consequences and his reminder to "give it time, [and] read the instructions." Indeed, although the jury asked several questions, including what counts aiding and abetting applied to, they did not ask any questions reflecting they were confused about what counts the natural and probable consequences theory applied to.

Fourth, Tran claims the prosecutor "complain[ed] about the theory in CALCRIM [No.] 403 as it pertains to attempt murder charges." This is not supported by the record. In any case, concerns about instructional language were raised at conferences outside the presence of the jury and could not possibly have influenced the jurors' interpretation of the instructions.

Finally, Tran argues the prosecutor "[e]licited CALCRIM [No.] 8[illegible] as it pertains to assault with a firearm, at which point is an assault with a firearm upgraded to attempt to commit murder, which then leads to the question at which point is attempt to commit murder the target offense or the intended crime." To the extent Tran is alleging another misleading statement by the prosecution, there is no record support for such claim. As best we can determine, Tran suggests that the mere fact that he was charged with assault with a firearm could have encouraged the jury to treat attempted murder as the natural and probable consequence of assault with a firearm. Again, the instructions did not include a natural and probable consequences theory with respect to assault with a firearm or attempted murder. Absent contrary indication in the record, which Tran has

6

not identified, we must presume the jury understood its charge.  (*Jablonski, supra,* 37 Cal.4th at pp. 806–807.)

DISPOSITION

The order denying Tran's petition for resentencing under section 1172.6 is affirmed.


KELETY, J.

WE CONCUR:



McCONNELL, P. J.



DATO, J.