Filed 8/21/24  In re C.G. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.G.,<br><br>Defendant and Appellant. | F087110<br><br>(Super. Ct. No. 23JL-00106A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

Minor C.G. contends on appeal that the juvenile court's disposition order must be reversed and the matter remanded because the court abused its discretion when it imposed probation condition No. 16 (the electronic devices search condition) and probation condition No. 35 (the gang condition). The People disagree. We affirm.

## PROCEDURAL SUMMARY

On September 18, 2023, an amended juvenile wardship petition was filed in Merced County Superior Court, pursuant to Welfare & Institutions Code section 602.1[1] alleging minor committed attempted murder (Pen. Code, §§ 187, subd. (a), 664; count 1); conspiracy (Pen. Code, § 182; count 2); and battery with serious bodily injury (Pen. Code, § 243, subd. (d); count 3). As to count 1, it was further alleged minor inflicted great bodily injury (Pen. Code, § 12022.7). It was also alleged minor was ineligible for probation because he was armed with a deadly weapon (Pen. Code, § 1203, subd. (e)(1)). Minor was detained after a *Dennis H.* hearing.[2]

On October 11, 2023, the court granted the People's oral motion to amend count 1 to assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)), dismiss the remaining counts, and strike the section 12022.7 enhancement. Minor pled no contest to the amended count 1 and the section 1203, subdivision (e)(1) enhancement.

On October 25, 2023, the juvenile court held a disposition hearing. Minor was adjudged a ward of the court and committed to the Bear Creek Academy Short Term Commitment Program, level III. The court imposed probation with various conditions. The court also imposed a fine and victim restitution.

On November 21, 2023, minor filed a notice of appeal.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

[2] *In re Dennis H.* (1971) 19 Cal.App.3d 350.

2.

## FACTUAL SUMMARY

E.R.[3] was sitting on a bench at a park when minor and his brother, A.M., approached and confronted him.

Minor was armed with a kitchen knife and A.M. was armed with a hammer. Minor told E.R. he was "going to die today." Minor then told A.M. "just hit [E.R.] already." A.M. hit E.R. on the head with the claw end of the hammer. A.M. and minor ran away.

The blow from A.M.'s hammer fractured E.R.'s skull and caused a brain bleed. E.R. was taken to the hospital, where he underwent surgery and a metal plate was implanted on his skull to stabilize the fracture.

The police viewed surveillance video footage of the incident. E.R. identified minor to police by a photograph they showed him. Police searched minor's home and found a kitchen knife in minor's bedroom and the hammer in A.M.'s bedroom.

## DISCUSSION

### I. Probation Condition No. 16 (Electronic Devices Search Condition)

Minor contends the juvenile court abused its discretion when it imposed probation condition No. 16, the "electronic devices search" condition. The People disagree, as do we.

#### A. Background

During the disposition hearing, the juvenile court stated it was going to impose probation condition No. 16. It stated minor must,

> "Submit to search of all electronic devices, including cell phones and computers at any time of the day or night by any Probation Officer or Peace Officer with or without a warrant, probable cause, or reasonable suspicion over which the minor has control over or access to for electronic communication. Minor must provide access/password to any electronic

---

[3] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their initials. No disrespect is intended.

devices, computers, cell phones, accounts and applications to any Probation Officer or Peace Officer. Minor waives the specific consent and warrant requirements set forth in [sections] 1546 and 1546.1 of the California Penal Code."

Defense counsel objected, arguing there was no nexus between the condition and the crime, stating,

> "There was no use of electronic devices, social media, [or] otherwise in this incident. It happened during the day at the park, so I would object to that."

The prosecution disagreed, arguing the condition would ensure compliance with the protective order imposed, ordering minor to stay away from the victim. He stated,

> "Regarding [probation condition No.] 16 for the electronic device search, we actually—in the facts of the case it says that it first happened on [a social media application], and there is a lot of discussion in between [minor] and the victim, so we believe it's necessary to have a possibility of searching his phone because just for the stay-away order, to control that he's not communicating with the victim or someone who is related to the case."

Defense counsel responded,

> "Your Honor, I just have one quick comment with regard to the search of electronic devices. There was a social media aspect, and this is where the detective was able to identify [minor] based on his social media profile. And on that, I'll submit."

The juvenile court overruled minor's objection and imposed probation condition No. 16, stating minor was required to:

> "[S]ubmit to a search of any electronic devices under your control, including cellphones and computers … any time of the day or night, with or without a warrant, with or without probable cause, by any probation officer or peace officer."

**B.     *Law***

When a minor is made a ward of the juvenile court and placed on probation, the court "may impose 'any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and

4.

rehabilitation of the ward enhanced.' " (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910, citing § 730, subd. (b).) " 'In fashioning the conditions of probation, the … court should consider the minor's entire social history in addition to the circumstances of the crime.' " (*In re R.V.* (2009) 171 Cal.App.4th 239, 246.)

The juvenile court has greater authority in setting probation conditions for juveniles pursuant to section 730, subdivision (b), than the court's authority to set conditions in an adult criminal case. (§ 730, subd. (b).) A condition that would be unconstitutional applied to an adult probationer may be permissible for a minor. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) Juveniles are in greater "need of guidance and supervision than adults" and "a minor's constitutional rights are more circumscribed." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) Additionally, the court stands in the shoes of a parent, and a parent may permissibly curtail the constitutional rights of its child. (*In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242–1243.)

However, while a juvenile court's discretion to impose probation conditions is broad, it has limits. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) A condition that would be improper for an adult is permissible for a juvenile only if it is tailored specifically to meet the needs of the juvenile. (*Id*. at p. 53.) The conditions should be calculated to fit the circumstances of the case and the minor. (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.)

With appropriate consideration given to the differences between adult and juvenile probation, a juvenile probation condition may be evaluated under the same three-part test established in *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*). Under *Lent*, a probation condition is invalid if it: (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*Lent*, at p. 486; *In re J.B.* (2015) 242 Cal.App.4th 749, 754.) To invalidate a condition of probation under the *Lent* test, all three factors must be present. (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65, fn. 3; see *Lent*, at p. 486, fn. 1.) Conversely, "a condition of probation which requires or

5.

forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*).) In determining reasonableness, courts look to the juvenile's offenses and social history. (*D.G.*, *supra*, 187 Cal.App.4th at p. 53.) Pursuant to *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1121 (*Ricardo P.*), the connection between the challenged condition and future criminality must be "more than just an abstract or hypothetical relationship." (*Id.* at p. 1121.) Instead, there must be a strong connection between "the burdens imposed by the challenged condition and a probationer's criminal conduct or personal history." (*Id.* at p. 1120.)

Juvenile probation conditions are reviewed for an abuse of discretion, "and such discretion will not be disturbed in the absence of manifest abuse." (*In re J.B.*, *supra*, 242 Cal.App.4th at p. 754.) Constitutional challenges to probation conditions are reviewed de novo. (*Ibid.*)

### C.  *Analysis*

Here, the juvenile court did not abuse its discretion when it imposed probation condition No. 16, the electronic devices search condition, because two of the three prongs of the *Lent* test are not met.

For a probation condition to be invalid, all three prongs of the *Lent* test must be met. The parties agree that the second prong required to invalidate a probation condition—that the condition relates to conduct that is not itself criminal—is met here, because there is nothing inherently illegal about using electronic devices, nor is there anything inherently illegal about refusing consent to searches of electronic devices.[4] (*In*

---

[4]    The parties disagree about whether the second prong of the *Lent* test, whether the condition relates to conduct that is not itself criminal, should be applied to the use of electronic devices, in general, or, more narrowly the refusal to consent to a search of an electronic device. However, the parties agree that this prong of the *Lent* test is met in either case because neither type of conduct is inherently illegal.

*re Erica R.* (2015) 240 Cal.App.4th 907, 913.)  However, the other two prongs of the *Lent* test are not met because the electronic devices search condition is reasonably related to the offenses for which minor was convicted and is reasonably related to forbidding conduct reasonably related to future criminality.

Minor first contends that probation condition No. 16 has no relationship to the offenses for which he was convicted because the record contains no evidence about his use of electronic devices.  Minor argues the record contains no evidence of any communication on social media between minor and E.R., and that the probation report stated E.R. told the police he had not spoken with minor since late 2022.  He argues a prosecutor's unsupported allegations in argument are not a substitute for evidence.

The People disagree, arguing that electronic communication on a social media application had a relationship to minor's offenses because "an initial incident and continuing discussion between [minor] and [E.R.] occurred on it."

As a threshold matter, we conclude the record shows there was a "social media aspect" to the case, based on the prosecution and defense counsel's statements during the disposition hearing, referencing other "facts of the case" that are not included in the appellate record before us.  Here, when defense counsel objected to probation condition No. 16, the prosecution stated to the court, "in the fact[s] of the case it says that it first happened on [a social media application], and there is a lot of discussion in between [minor] and the victim."  Defense counsel responded that there was a "social media aspect" to the case, and that E.R. identified minor to police from minor's social media profile.

Unsworn statements of counsel are not evidence (*People v. Kiney* (2007) 151 Cal.App.4th 807, 815), nor is argument of counsel evidence (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1173).  However, "[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness."  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  Further, the

7.

burden to provide an adequate appellate record and affirmatively demonstrate reversible error falls on an appellant. (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9; *People v. Clements* (2022) 75 Cal.App.5th 276, 293, citing *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)

Here, while the record on appeal does not include any underlying facts of the case about discussion on social media applications between minor and the victim, defense counsel not only stated there was a "social media aspect" to the case during the disposition hearing, which is included in the appellate record, but minor also failed to provide an adequate appellate record that would enable us to determine otherwise. Appellate counsel has a "duty to insure that there is an adequate record before the appellate court from which [the appellant's] contentions may be resolved on their merits. Where the appropriate record is missing or incomplete, counsel must see that the defect is remedied, by requesting augmentation or correction of the appellate record." (*People v. Barton* (1978) 21 Cal.3d 513, 519–520.) Instead of seeking to provide a complete appellate record by moving to augment the record with the record that would support his contention, minor invites us to assume that they do not exist. We decline to do so.

Accordingly, we address whether the probation condition meets the *Lent* test, with the fact that there was a "social media aspect" to the case in mind.

The first prong under the *Lent* test that must be met to invalidate a probation condition requires the condition to have no relationship to the offender's crime. Here, when defense counsel objected to probation condition No. 16, the prosecution argued the victim and minor had communicated prior to the commission of the offenses on a social media application.

In *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, the court upheld an electronic devices search condition, finding there was "no significance" to the fact that the record the prosecutor used to support the condition was not formally introduced into

evidence at the sentencing hearing. (*Ebertowski*, at p. 1174; see *People v. Appleton* (2016) 245 Cal.App.4th 717, 724 [the court found an electronic devices search condition was related to the defendant's offenses under the first *Lent* factor because the defendant lured the victim using " 'either social media or some kind of computer software' "].)

Here, the record shows minor and E.R. had discussions on social media that preceded the incident and that minor was identified by E.R. from his social media profile, giving the case a "social media aspect." Accordingly, we conclude the first prong of the *Lent* test is not met because the electronic devices search condition is reasonably related to the offenses of which minor was convicted, regardless of whether the record showing the exact nature of the discussions on social media was not formally introduced into evidence at the disposition hearing.

Likewise, we also conclude, based on the "social media aspect" of the case that the third prong of the *Lent* test is not met because probation condition No. 16 requires or forbids conduct which is reasonably related to future criminality. Under *People v. Olguin* (2008) 45 Cal.4th 375, a probation condition that enables probation officers "to supervise [their] charges effectively is … 'reasonably related to future criminality.' " (*Id*. at pp. 380–381.) As there is a "social media aspect" to the case, and minor and E.R. previously communicated on social media, the electronic devices search condition is reasonably related to preventing future criminality as well as enforcing the stay-away order imposed on minor to keep him from contacting E.R., which minor did not contest, as the condition enables probation to review minor's electronics activity for indications that minor is making contact with E.R. or is otherwise engaged in activity in violation of his probation. Further, the fact that there was discussion on social media between minor and E.R. before the offenses occurred show there is "more than just an abstract or hypothetical relationship" between the electronic devices search condition and "preventing future criminality." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1121; see *Lent*, *supra*, 15 Cal.3d at p. 486.)

Minor also argues that probation condition No. 16 is disproportionate to the offenses, pursuant to *Ricardo P.* However, in *Ricardo P.*, there was no indication that the defendant used an electronic device in connection with his commission of the two burglaries. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1115.) The *Ricardo P.* court accordingly held the record was insufficient to justify the substantial burden imposed by the "sweeping" electronic devices search condition, stating, "[T]he condition is invalid under *Lent*, because the burden it imposes on [the defendant's] privacy is substantially disproportionate to the condition's goal of monitoring and deterring drug use." (*Id.* at p. 1119.) Here, however, the record shows a relationship between allowing searches of minor's electronic devices and preventing minor from contacting or assaulting E.R. in the future, based on his previous social media contact with him.

As two of the *Lent* factors are not met, probation condition No. 16 is valid under *Lent*. Accordingly, the juvenile court did not abuse its discretion when it imposed probation condition No. 16.

## II. Probation Condition No. 35 (Gang Condition)

Minor contends the juvenile court abused its discretion when it imposed probation condition No. 35, the gang condition. The People disagree, as do we.

### A. Background

The juvenile court also stated it was going to impose probation condition No. 35. It stated,

> "Do not wear or possess any item of gang clothing known to be such by you including gang insignia, moniker, or pattern, jewelry with gang significance, nor may you display any gang insignia, marker, or other markings of gang significance known to be such by you or on your person or property as may be identified by Peace Officer or Probation Officer. You will not display any gang signs or gestures known to you to be associated with gangs. Do not associate with any person(s) known to you as being gang member(s). For the purpose of this condition, the word 'gang' means a criminal street gang as defined in [Penal Code] section 186.22, subdivisions (e) and (f)."

10.

Defense counsel objected to probation condition No. 35. He argued, "[t]here is nothing in this incident that indicates this was a gang-related offense. There is nothing that indicates that [minor] is a gang member or a gang associate. There are no gang allegations charges in this incident. There … is no nexus, no tie to this condition and what happened in this incident," because the record did not indicate the incident was a "gang-related offense" and that there was no indication minor was "a gang member or gang associate," and the petition does not include any gang allegations.

The prosecution responded, "[Minor's] brother [A.M.], after the fact, threw up a gang sign, so, I mean, we believe that a gang probation term is adequate."

Defense counsel did not dispute the prosecution's characterization of his brother's actions after the commission of the offenses.

The juvenile court overruled defense counsel's objection. It ordered minor to have no contact with individuals he knew to be "wards of the court, probationers, gang members, felons, ex-felons, minors on deferred entry of judgment, during the period of wardship, without the prior permission of probation." The court additionally ordered minor not to wear or possess any item he knew to be gang-related clothing.

### B.     Analysis

Applying the same law as we applied to probation condition No. 16, we conclude probation condition No. 35 is valid under the *Lent* test. Here, again, the gang condition does not meet the first or third prongs of the *Lent* test because it is both reasonably related to minor's offenses and is reasonably related to preventing future criminality.

Again, as a threshold issue, minor contends the record does not show there is a "gang nexus" in this case, because "the incident does not suggest any involvement by the minor with gangs." As stated above, unsworn statements and argument of counsel are not evidence. (*People v. Kiney*, *supra*, 151 Cal.App.4th at p. 815; *Fuller v. Tucker*, *supra*, 84 Cal.App.4th at p. 1173). However, as also explained above, we presume on appeal that a judgment or order of a lower court is correct, "and all intendments and

11.

presumptions are indulged in favor of its correctness," (*In re Marriage of Arceneaux*, *supra*, 51 Cal.3d at p. 1133) and it is minor's burden to provide an adequate appellate record and affirmatively demonstrate reversible error (*Mountain Lion Coalition v. Fish & Game Com.*, *supra*, 214 Cal.App.3d at p. 1051, fn. 9; *People v. Clements*, *supra*, 75 Cal.App.5th at p. 293, citing *Del Real v. City of Riverside*, *supra*, 95 Cal.App.4th at p. 766). However, minor again has failed to meet his burden of providing us an adequate record from which we may determine whether his contention that there is no nexus between minor's offenses and gang-related activity, based on the prosecution's statement that minor's brother and co-participant in the offenses "threw up a gang sign" after attacking E.R., has merit. Here, while the record on appeal does not include any underlying facts of the case of minor's brother "thr[owing] up a gang sign" after attacking E.R., minor failed to provide an adequate appellate record that would enable us to determine otherwise. (See *People v. Barton*, *supra*, 21 Cal.3d at pp. 519–520 [Appellate counsel has a "duty to insure that there is an adequate record before the appellate court from which [the appellant's] contentions may be resolved on their merits. Where the appropriate record is missing or incomplete, counsel must see that the defect is remedied, by requesting augmentation or correction of the appellate record."].) Rather than seeking to provide a complete appellate record by moving to augment the record with the record that would support his contention, minor invites us to assume that they do not exist. We again decline to do so.

Accordingly, we address whether probation condition No. 35 is valid under the *Lent* test with those facts in mind.

The parties do not dispute that the second prong of the *Lent* test is met, because neither wearing "gang clothing," nor associating with gang members is inherently illegal.

However, minor argues that the first prong of the *Lent* test is met because the condition is not reasonably related to his offenses because the record does not show there was any involvement by minor with gangs. Minor contends this case is similar to *In re*

12.

*Edward B.* (2017) 10 Cal.App.5th 1228, 1232, where the juvenile court struck a gang condition as unreasonable under *Lent*.

In *Edward B.*, the minor snatched a bag from an elderly woman, and the juvenile court imposed a gang probation condition at sentencing. (*In re Edward B.*, *supra*, 10 Cal.App.5th at p. 1234.) The appellate court found there was no reasonable relation between the minor's offense and the gang condition because the record did not show any gang activity. (*Ibid*.) The minor's probation report only showed that when caught by police after he grabbed the woman's bag, he asked them, "[H]ow much time he would have to serve?" and that his father said an older person drove the minor around prior to the incident. (*Ibid*.) The appellate court found this did not show a "reasonable factual nexus" between the minor's offense and gang activity, and "in the absence of gang affiliation or association with gang members or risk of gang involvement on [the minor's] part, the gang condition is not tailored to his future criminality." (*Id*. at p. 1236.)

We disagree, however, that minor's case is similar to *Edward B.* Here, as discussed above, the record shows minor's brother "threw up a gang sign" after they participated in the attack on E.R. together. Accordingly, we conclude that, unlike the more speculative connection in *Edward B.*, this shows there is a "reasonable factual nexus" between minor's offenses and "gang activity." Thus, the first prong of the *Lent* test is not met because the probation condition is reasonably related to minor's offenses.

Minor next argues that the third prong of the *Lent* test, that the condition is not reasonably related to preventing minor's future criminality, is also met, because "[t]he prosecution's argument that the condition should be imposed because the minor's brother 'threw up a gang sign' after the [commission of the offenses] totally lacks merit," stating "there is absolutely no evidence that the minor's brother, A.M., ever threw up a gang sign, before, during or after the incident." He contends "[t]he record is devoid of any information that A.M. is a gang member or associate."

13.

However, as discussed above, minor has failed to meet his burden of providing an adequate record for us to determine whether the juvenile court erred and whether the prosecution's statement about the gang sign was supported elsewhere in the record, and we presume on appeal that a judgment or order of a lower court is correct.

Further, we have found that, "[p]rohibitions against a variety of gang-related activities have been upheld when imposed upon juvenile offenders. [Citations.] Because '[a]ssociation with gang members is the first step to involvement in gang activity,' such conditions have been found to be 'reasonably designed to prevent future criminal behavior.' [Citation.] Whether the minor was currently connected with a gang has not been critical. Thus, probation terms have been approved which bar minors from being present at gang gathering areas, associating with gang members, and wearing gang clothing." (*Lopez*, *supra*, 66 Cal.App.4th at p. 624, fn. omitted.) "Where a court entertains genuine concerns that the minor is in danger of falling under the influence of a street gang, an order directing a minor to refrain from gang association is a reasonable preventive measure in avoiding future criminality and setting the minor on a productive course. Evidence of current gang membership is not a prerequisite to imposition of conditions designed to steer minors from this destructive path." (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502, disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2.)

Here, in addition to the prosecution stating minor's brother threw up a gang sign after they committed the offenses against E.R., minor's probation report also stated minor is affiliated with a gang, but denies the affiliation. Based on this record, we conclude the condition is valid under the third prong of the *Lent* test, because it reasonably relates to preventing future criminality.

Minor also argues the "sweeping" gang condition that restricts what he can wear, what gestures he can make, and with whom he can communicate is disproportionate to his criminal conduct or personal history. Pursuant to *Ricardo P.*, the connection between

14.

the challenged condition and future criminality must be "more than an abstract or hypothetical relationship," and there must be a strong connection between "the burdens imposed by the challenged condition and a probationer's criminal conduct and personal history." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1121.) However, because the record indicates minor is affiliated with a gang, we conclude there is a "strong connection" between probation condition No. 35's restrictions and minor's offenses and social history, making it proportionate and reasonably related to preventing future criminality by minor.

Accordingly, we conclude the juvenile court did not abuse its discretion when it imposed probation condition No. 35.[5]

## **DISPOSITION**

The disposition order is affirmed.

---

[5] Minor also makes the statement, as to both probation conditions at issue, that "[t]he court's ruling deprived the minor of a fair hearing and due process of law guaranteed by the [Fifth] and [Fourteenth] Amendments to the U.S. Constitution," without further elaborating. We do not address these arguments because they are incomplete. Minor does not further explain in his briefs how the probation conditions at issue violate these constitutional amendments, nor does he provide reasoned argument with citation to authority for those propositions or identify and apply the pertinent standard of review. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.) However, we note that "[t]rial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citations.] If it serves these dual purposes, a probation condition may impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens.' " (*People v. Lopez*, *supra*, 66 Cal.App.4th at p. 624.)